**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**RYAN FINLAY,**

                **Plaintiff,**

**-vs-**                                                **Case No. 6:08-cv-1347-Orl-DAB**

**QUIRCH FOODS CO.,**

                **Defendant.**

_____

## ORDER

This cause came on for consideration in the course of a settlement fairness hearing on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR DISMISSAL WITH PREJUDICE UPON COURT APPROVAL OF CONFIDENTIAL SETTLEMENT, OR IN THE ALTERNATIVE FOR A HEARING (Doc. No. 25)** |
| **FILED:** | **November 24, 2008** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

The Court is called upon to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after

scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on December 16, 2008 with counsel for Plaintiff present and counsel for Defendant appearing by phone and in person. For the reasons discussed on the record at the hearing, the Court finds that the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

The Clerk is directed to enter a final judgment dismissing the action and to close the file.

**ORDERED** in Orlando, Florida on December 19, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record